**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SCANNING TECHNOLOGIES INNOVATIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SERVICENOW, INC.,**<br><br>Defendant. | Case No. ____________________<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this complaint against ServiceNow, Inc. ("ServiceNow" or "Defendant") for infringement of U.S. Patent Nos. 9,053,498; 9,466,078; 9,934,528; 10,600,101; and 12,380,473 and alleges as follows:

## PARTIES

1. Plaintiff is a Florida limited liability company with a principal place of business at 1 E. Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2225 Lawson Lane, Santa Clara, California 95054. ServiceNow develops, markets, and distributes cloud-based enterprise workflow software, including the ServiceNow Mobile Agent and Now Mobile mobile applications, the ServiceNow Mobile Platform, and the ServiceNow instances and servers that support them. Defendant may be served through its registered agent, United Agent Group Inc., 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendant. Defendant maintains a regular and established place of business in the State of New York and within this District, has continuous and systematic business contacts with the State of New York, and transacts business in the State of New York. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of STI's patents in this District.

6. Defendant directly conducts business extensively throughout the State of New York, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of New York. Defendant has purposefully and voluntarily made its products and services, including the Accused Instrumentalities, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

7. On information and belief, Defendant maintains a physical, regular, and established place of business in this District, retains employees in this District, and generates substantial revenues from its business activities in this District. Such places of business include Defendant's office at 50 Hudson Yards, 74th Floor, New York, New York 10001, which Defendant identifies as one of its office locations. *See* https://www.servicenow.com/company/locations.html. On information and belief, Defendant's personnel at that office market, sell, demonstrate, and support the Accused Instrumentalities identified below.

8. Venue is proper in the Southern District of New York as to Defendant pursuant to at least 28 U.S.C. §§ 1391(b)–(c) and 1400(b). As noted above, Defendant maintains a regular and established place of business in this District and has committed acts of infringement in this District.

**PATENTS-IN-SUIT**

9. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 9,053,498 (hereinafter "the '498 Patent"), U.S. Patent No. 9,466,078 (hereinafter "the '078 Patent"), U.S. Patent No. 9,934,528 (hereinafter "the '528 Patent"), U.S. Patent No. 10,600,101 (hereinafter "the '101 Patent"), and U.S. Patent No. 12,380,473 (hereinafter "the '473 Patent"). The '498, '078, '528, '101 and '473 Patents are collectively referred to herein as the "Asserted Patents."

10. Each of the Asserted Patents issued from an application that descends through a chain of continuations from U.S. Patent Application Serial No. 13/405,246, filed February 25, 2012. Thus, the Asserted Patents share a common specification. Unless otherwise noted, citations herein to that common specification are to the '498 Patent.

11. The '498 Patent is attached as **Exhibit A**, the '078 Patent is attached as **Exhibit B**, the '528 Patent is attached as **Exhibit C**, the '101 Patent is attached as **Exhibit D**, and the '473 Patent, together with its Certificate of Correction issued October 7, 2025, is attached as **Exhibit E**.

12. The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

13. Plaintiff possesses all rights of recovery under the Asserted Patents, including the exclusive right to recover for past, present and future infringement.

14. The ’498 Patent contains twenty claims including three independent claims and seventeen dependent claims.

15. The ’078 Patent contains sixteen claims including three independent claims and thirteen dependent claims.

16. The ’528 Patent contains twenty-one claims including four independent claims and seventeen dependent claims.

17. The ’101 Patent contains twenty-one claims including four independent claims and seventeen dependent claims.

18. The ’473 Patent contains four claims including one independent claim and three dependent claims.

19. The priority date of the Asserted Patents is at least as early as February 25, 2012. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

20. Plaintiff alleges infringement on the part of Defendant of the Asserted Patents.

21. As noted, the claims of the Asserted Patents have a priority date at least as early as February 25, 2012. The inventions as claimed solve long-standing problems in the mobile scanning of product codes that existed in the art as of the date of invention. In particular, a user who scanned a product code with a mobile device had to establish a network connection and query a remote server merely to learn whether any information about the scanned article existed. As the common specification explains, such devices “take time to connect to the Internet (if Internet service is even available) and then the user still may or may not have information on the article of commerce.” ’498 Patent at 1:48–50.

22. The claims of the Asserted Patents overcome these deficiencies existing in the art as of the date of invention, and comprise non-conventional, novel, technical approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

23. For example, the inventions as claimed store, in a server database, a look-up table that associates product codes with information link indicators, each configured as a status signal indicating the existence or absence of a link to information about the corresponding article of commerce, and make that look-up table available to the mobile device, so that the mobile device can "immediately determine if product information is available for a particular article of commerce, via a visual or audible indication on the mobile device, without access to the communication network." '498 Patent at Abstract. As the common specification further explains, "[w]ith the look-up table(s) stored in local memory on the user's mobile device, the user may access the information on the table at any time without the need to continually access information from the server." *Id.* at 4:30–33.

24. The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas. To the contrary, the claims of the Asserted Patents are directed to, for example, a specific system comprising a mobile device having a portable handheld housing, a signal processing device, and a visual input device affixed within that housing; a local database associated with the mobile device; and a server having a server database that stores the look-up table, in which the look-up table is downloaded to and stored in the local database and the signal processing device determines, from the respective information link indicator, whether a link to information exists for a scanned article of commerce. The specific combinations of elements, as recited in the claims, were not conventional or routine at the time of the invention.

25. The improvements disclosed in the Asserted Patents and the feature recitations in the claims of the Asserted Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

26. The ’498 Patent was examined by Primary United States Patent Examiner Michael G. Lee and Assistant Examiner Laura Gudorf. During the examination of the ’498 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: USPC 235/375, 235/379, 235/385, 235/462.01–462.49; 705/26.1–26.8, 705/28, 705/346.

27. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’498 Patent to issue. In so doing, it is presumed that Examiner Lee used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Lee had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’498 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’498 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Lee.

28. The claims of the ’498 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics*

*Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

29. The claims of the '498 Patent expired on July 17, 2023.

30. The '078 Patent was examined by Primary United States Patent Examiner Laura Gudorf. During the examination of the '078 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0281, G06Q 30/0251, G06Q 30/02, G06F 17/2235, G06F 17/30699, G06F 17/30879; USPC 235/385.

31. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '078 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '078 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '078 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

32. The claims of the ’078 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

33. The nominal expiration date for the claims of the ’078 Patent is February 25, 2032.

34. The ’528 Patent was examined by Primary United States Patent Examiner Laura Gudorf. During the examination of the ’528 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06F 17/30699, G06F 17/2235, G06F 17/30879, G06Q 30/02, G06Q 30/0251, G06Q 30/0281.

35. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’528 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’528 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’528 Patent are novel and non-obvious, including over all non-cited

contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

36. The claims of the ’528 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

37. The claims of the ’528 Patent expired on May 11, 2026.

38. The ’101 Patent was examined by Primary United States Patent Examiner Laura A. Gudorf. During the examination of the ’101 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0623, G06Q 30/02, G06Q 30/0251, G06Q 30/0277, G06Q 30/0281, G06F 16/22, G06F 16/9558, G06F 16/335, G06F 16/951, G06F 3/167, G06F 17/2235, H04L 67/02.

39. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’101 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly

acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’101 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’101 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

40. The claims of the ’101 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

41. The nominal expiration date for the claims of the ’101 Patent is February 25, 2032.

42. The ’473 Patent was examined by Primary United States Patent Examiner Laura A. Gudorf. During the examination of the ’473 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0281, G06Q 30/0267, G06Q 30/0623, G06Q 30/0627, G06Q 30/0643.

43. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’473 Patent to issue. In so doing, it

is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’473 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’473 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

44. The claims of the ’473 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

45. The nominal expiration date for the claims of the ’473 Patent is February 25, 2032.

## **ACCUSED INSTRUMENTALITIES**

46. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or otherwise provides the ServiceNow Mobile Agent application and the Now Mobile application, which Defendant distributes through the Apple App Store and the Google Play Store for

installation on mobile phones and other mobile devices, together with the ServiceNow Mobile Platform through which those applications are configured, and the ServiceNow instances, servers, and server databases that Defendant operates to store and supply data to those applications (collectively, the "Accused Instrumentalities"). Defendant states that "[t]he Now Mobile and Mobile Agent apps are all available as free downloads from the iOS App Store and Google Play Store," and that the Mobile Agent application "provides an intuitive interface for fulfillers to accept and update work, with or without Internet connectivity." *See* https://www.servicenow.com/standard/resource-center/data-sheet/ds-mobile-app.html.

47. The Mobile Agent application supports barcode scanning. Through the ServiceNow Mobile Platform, Defendant enables its customers' administrators to configure barcode input fields in the application that use the mobile device's built-in camera to scan barcodes and QR codes, including the barcodes and QR codes on asset tags that identify company assets such as laptops. Defendant states that "[b]arcode inputs are available offline." *See* https://www.servicenow.com/docs/r/mobile/single-multi-barcode-input-config.html; https://www.servicenow.com/docs/r/xanadu/mobile/sg-mobile-scanning.html. Instructional materials for the Mobile Agent application demonstrate configuring the application so that, upon scanning the asset tag of a company asset, the application determines from Defendant's asset records whether the asset is available and displays a corresponding status to the user, such as "Successfully created an incident" or "Sorry, laptop not available." *See* https://www.youtube.com/watch?v=kTF6_6DRS2M.

48. The Mobile Agent application also includes an offline mode. Defendant explains that offline mode stores "selected records on the mobile device that users can view and update offline," and that "[b]y default, this cache expires 48 hours after it is downloaded to a mobile

device." *See* https://www.servicenow.com/docs/r/mobile/mobile-offline-mode.html. Defendant further explains that, when defining functions for the application, "you control whether each function is available offline or restricted to online use only," and that "[i]n offline mode, only functions configured as available on offline are accessible to users without network connectivity." *See* https://www.servicenow.com/docs/r/mobile/functions-offline.html. Upon information and belief, when offline mode is enabled, the application downloads asset records, including asset tag values and associated status information, from Defendant's servers to the mobile device and uses those locally stored records in responding to scanned barcodes and QR codes.

49. The Mobile Agent application also operates while connected to Defendant's servers. Upon information and belief, when a function is used online, the application, upon scanning an asset's barcode or QR code, accesses Defendant's servers over the communication network to determine whether information associated with the scanned asset is available, and displays the corresponding status to the user.

50. The Accused Instrumentalities infringe the '498, '078, '528, '101 and '473 Patents.

**<u>COUNT ONE</u>**
**<u>(Infringement of United States Patent No. 9,053,498)</u>**

51. Plaintiff refers to and incorporates the allegations in Paragraphs 1-50, the same as if set forth herein.

52. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

53. Defendant has knowledge of its infringement of the '498 Patent, at least as of the service of the present complaint.

54. Accordingly, Defendant has infringed the '498 Patent in violation of 35 U.S.C. § 271. Upon information and belief, prior to the expiration of the '498 Patent, Defendant infringed

one or more claims, including at least Claim 9 of the ’498 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as **Exhibit F**.

55. Claim 9 of the ’498 Patent is a method claim. Upon information and belief, Defendant directly infringed Claim 9 of the ’498 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operated the Mobile Agent application, configured for barcode scanning and with the application’s offline mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

56. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 9 of the ’498 Patent, by having its employees internally test and use the Accused Instrumentalities.

57. **Exhibit F** includes at least one chart comparing the exemplary Claim 9 of the ’498 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’498 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 9 of the ’498 Patent.

58. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit F**.

59. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

60. The ’498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

61. A copy of the ’498 Patent is attached hereto as **Exhibit A**.

62. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’498 Patent, pursuant to 35 U.S.C. § 271.

63. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’498 Patent, without license or authorization.

64. As a result of Defendant’s infringement of the ’498 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

65. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT TWO**
**(Infringement of United States Patent No. 9,466,078)**

66. Plaintiff refers to and incorporates the allegations in Paragraphs 1-65, the same as if set forth herein.

67. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

68. Defendant has knowledge of its infringement of the ’078 Patent, at least as of the service of the present complaint.

69. Accordingly, Defendant has infringed and continues to infringe the ’078 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 7 of the ’078 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit G.

70. Claim 7 of the ’078 Patent is a method claim. Upon information and belief, Defendant directly infringes Claim 7 of the ’078 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operate the Mobile Agent application, configured for barcode scanning and with the application’s offline mode

enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

71. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 7 of the ’078 Patent, by having its employees internally test and use the Accused Instrumentalities.

72. Defendant has further induced, and continues to induce, infringement of the ’078 Patent in violation of 35 U.S.C. § 271(b).

73. Defendant’s customers directly infringe Claim 7 of the ’078 Patent by performing each step of the claimed method when their personnel install and operate the Mobile Agent application on mobile devices, configured through the ServiceNow Mobile Platform for barcode scanning and with the application’s offline mode enabled, in communication with Defendant’s servers.

74. Defendant knowingly causes that infringement. Defendant designed the barcode-scanning and offline functionality of the Mobile Agent application and the ServiceNow Mobile Platform, supplies the Mobile Agent application, operates Defendant’s servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant’s published documentation instructs customers how to configure barcode inputs in the application, how to make functions available offline, and how to use offline mode, which stores “selected records on the mobile device that users can view and update offline.” *See* https://www.servicenow.com/docs/r/mobile/single-multi-barcode-input-config.html; https://www.servicenow.com/docs/r/mobile/functions-offline.html; https://www.servicenow.com/docs/r/mobile/mobile-offline-mode.html.

75. Defendant has had knowledge of the ’078 Patent and of its customers’ infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

76. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit G**) and references cited, constitutes actual knowledge of infringement as alleged here.

77. Exhibit G includes at least one chart comparing the exemplary Claim 7 of the ’078 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’078 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 7 of the ’078 Patent.

78. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit G**.

79. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

80. Defendant’s actions complained of herein will continue unless Defendant is enjoined by this Court.

81. The ’078 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

82. A copy of the ’078 Patent is attached hereto as **Exhibit B**.

83. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’078 Patent, pursuant to 35 U.S.C. § 271.

84. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’078 Patent, without license or authorization.

85. As a result of Defendant’s infringement of the ’078 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

86. Plaintiff is in compliance with 35 U.S.C. § 287.

87. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the ’078 Patent up until the date that Defendant ceases its infringing activities.

**COUNT THREE**
**(Infringement of United States Patent No. 9,934,528)**

88. Plaintiff refers to and incorporates the allegations in Paragraphs 1-87, the same as if set forth herein.

89. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

90. Defendant has knowledge of its infringement of the ’528 Patent, at least as of the service of the present complaint.

91. Accordingly, Defendant has infringed the ’528 Patent in violation of 35 U.S.C. § 271. Upon information and belief, prior to the expiration of the ’528 Patent, Defendant infringed one or more claims, including at least Claim 7 of the ’528 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as **Exhibit H**.

92. Claim 7 of the ’528 Patent is a method claim. Upon information and belief, Defendant directly infringed Claim 7 of the ’528 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operated the Mobile Agent application, configured for barcode scanning and with the application’s offline mode

enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

93. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 7 of the ’528 Patent, by having its employees internally test and use the Accused Instrumentalities.

94. **Exhibit H** includes at least one chart comparing the exemplary Claim 7 of the ’528 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’528 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 7 of the ’528 Patent.

95. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit H**.

96. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

97. The ’528 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

98. A copy of the ’528 Patent is attached hereto as **Exhibit C**.

99. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’528 Patent, pursuant to 35 U.S.C. § 271.

100. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’528 Patent, without license or authorization.

101. As a result of Defendant’s infringement of the ’528 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

102. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT FOUR**
**(Infringement of United States Patent No. 10,600,101)**

103. Plaintiff refers to and incorporates the allegations in Paragraphs 1-102, the same as if set forth herein.

104. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

105. Defendant has knowledge of its infringement of the '101 Patent, at least as of the service of the present complaint.

106. Accordingly, Defendant has infringed and continues to infringe the '101 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 7 of the '101 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as **Exhibit I**.

107. Claim 7 of the '101 Patent is a method claim. Upon information and belief, Defendant directly infringes Claim 7 of the '101 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant's personnel operate the Mobile Agent application, configured for barcode scanning and with the application's offline mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

108. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 7 of the '101 Patent, by having its employees internally test and use the Accused Instrumentalities.

109. Defendant has further induced, and continues to induce, infringement of the '101 Patent in violation of 35 U.S.C. § 271(b).

110. Defendant's customers directly infringe Claim 7 of the '101 Patent by performing each step of the claimed method when their personnel install and operate the Mobile Agent application on mobile devices, configured through the ServiceNow Mobile Platform for barcode scanning and with the application's offline mode enabled, in communication with Defendant's servers.

111. Defendant knowingly causes that infringement. Defendant designed the barcode-scanning and offline functionality of the Mobile Agent application and the ServiceNow Mobile Platform, supplies the Mobile Agent application, operates Defendant's servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant's published documentation instructs customers how to configure barcode inputs in the application, how to make functions available offline, and how to use offline mode, which stores "selected records on the mobile device that users can view and update offline." *See* https://www.servicenow.com/docs/r/mobile/single-multi-barcode-input-config.html; https://www.servicenow.com/docs/r/mobile/functions-offline.html; https://www.servicenow.com/docs/r/mobile/mobile-offline-mode.html.

112. Defendant has had knowledge of the '101 Patent and of its customers' infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

113. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit I**) and references cited, constitutes actual knowledge of infringement as alleged here.

114. **Exhibit I** includes at least one chart comparing the exemplary Claim 7 of the ’101 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’101 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 7 of the ’101 Patent.

115. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit I**.

116. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

117. Defendant’s actions complained of herein will continue unless Defendant is enjoined by this Court.

118. The ’101 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

119. A copy of the ’101 Patent is attached hereto as **Exhibit D**.

120. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’101 Patent, pursuant to 35 U.S.C. § 271.

121. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’101 Patent, without license or authorization.

122. As a result of Defendant’s infringement of the ’101 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

123. Plaintiff is in compliance with 35 U.S.C. § 287.

124. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the ’101 Patent up until the date that Defendant ceases its infringing activities.

# COUNT FIVE
## (Infringement of United States Patent No. 12,380,473)

125. Plaintiff refers to and incorporates the allegations in Paragraphs 1-124, the same as if set forth herein.

126. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

127. The ’473 Patent issued on August 5, 2025. On October 7, 2025, the United States Patent and Trademark Office issued a Certificate of Correction for the ’473 Patent correcting claim 1 by cancelling the word “without” at column 12, line 30. A copy of the Certificate of Correction is included with the ’473 Patent at **Exhibit E**. A certificate of correction has “the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.” 35 U.S.C. § 254; *see also* 35 U.S.C. § 255. Plaintiff accordingly asserts claim 1 of the ’473 Patent, as corrected, for infringement occurring on and after October 7, 2025.

128. Defendant has knowledge of its infringement of the ’473 Patent, at least as of the service of the present complaint.

129. Accordingly, Defendant has infringed and continues to infringe the ’473 Patent in violation of 35 U.S.C. § 271. Upon information and belief, on and after October 7, 2025, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the ’473 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as **Exhibit J**.

130. Claim 1 of the ’473 Patent claims a non-transitory computer readable medium containing instructions that, when executed by a processor contained within a mobile device, perform the claimed steps. Upon information and belief, Defendant directly infringes Claim 1 of

the ’473 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell such a medium, including the servers and storage media on which Defendant stores the instructions comprising the Mobile Agent application and the configured instructions that the ServiceNow Mobile Platform transmits to that application, and the copies of those instructions that Defendant makes and transmits for distribution through the Apple App Store and the Google Play Store.

131. Upon information and belief, Defendant further directly infringes Claim 1 of the ’473 Patent under 35 U.S.C. § 271(a) by using the claimed medium, including when Defendant’s personnel execute the instructions of the Mobile Agent application on mobile devices under Defendant’s control, while connected to the communication network, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

132. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the ’473 Patent, by having its employees internally test and use the Accused Instrumentalities.

133. Defendant has further induced, and continues to induce, infringement of the ’473 Patent in violation of 35 U.S.C. § 271(b).

134. Defendant’s customers directly infringe Claim 1 of the ’473 Patent by using the claimed medium when their personnel install the Mobile Agent application on mobile devices and execute its instructions to scan asset barcodes and QR codes while connected to the communication network, in communication with Defendant’s servers.

135. Defendant knowingly causes that infringement. Defendant designed the barcode-scanning functionality of the Mobile Agent application and the ServiceNow Mobile Platform, supplies the Mobile Agent application, operates Defendant’s servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant’s published

documentation instructs customers how to configure barcode inputs in the application and how to designate each function as "available offline or restricted to online use only." *See* https://www.servicenow.com/docs/r/mobile/single-multi-barcode-input-config.html; https://www.servicenow.com/docs/r/mobile/functions-offline.html.

136. Defendant has had knowledge of the '473 Patent and of its customers' infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

137. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit J**) and references cited, constitutes actual knowledge of infringement as alleged here.

138. Exhibit J includes at least one chart comparing the exemplary Claim 1 of the '473 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '473 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the '473 Patent.

139. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit J**.

140. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

141. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

142. The ’473 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

143. A copy of the ’473 Patent, together with its Certificate of Correction, is attached hereto as **Exhibit E**.

144. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’473 Patent, pursuant to 35 U.S.C. § 271.

145. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’473 Patent, without license or authorization.

146. As a result of Defendant’s infringement of the ’473 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

147. Plaintiff is in compliance with 35 U.S.C. § 287.

148. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the ’473 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

149. STI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff damages resulting from Defendant’s infringement in accordance with 35 U.S.C. § 284;

(c) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 9,466,078, 10,600,101, and 12,380,473 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward); and

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 4, 2026

Respectfully submitted,

/s/ *Antranig Garibian*

Antranig Garibian, Esq. (Bar Id 008492005)
Garibian Law Offices, P.C.
18 East 41st Street, 6th Floor
New York, NY 10017
(215) 326-9179
ag@garibianlaw.com

René A. Vazquez
Virginia Bar No. 41988
*Pro Hac Vice Anticipated*
**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

**COUNSEL FOR PLAINTIFF**